UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00628-MR

| | |
|---|---|
| MONTAVIUS A. JOHNSON-EL, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DAVID MITCHELL, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1] filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 11].

**I.      BACKGROUND**

Pro se Plaintiff Montavius A. Johnson-El ("Plaintiff") filed this action on October 2, 2023, pursuant to 42 U.S.C. § 1983, against Defendants David Mitchell, identified as Facility Head Administrator at Lanesboro Correctional Institution ("Lanesboro");[1] David Aaron, identified as a Lanesboro Captain; and FNU McPherson and FNU Moses, both identified as a Lanesboro Correctional Officers. [Doc. 1]. Plaintiff sues Defendants in their individual

---

[1] In 2019, Lanesboro was converted to a women's prison and was renamed Anson Correctional Institution.

and official capacities. [Id. at 2-3]. Plaintiff alleges as follows.

In February 2018, Plaintiff was investigated by Lanesboro officials for possession of certain contraband based on "second hand [*sic*] information" received by Defendant Aaron "from a prison confidential informant". [Id. at 14]. Plaintiff was moved from general population to Restrictive Housing for Administrative Purposes (RHAP) pending an investigation. [Id. at 14-15; see id. at 18]. Defendants McPherson and Moses inventoried Plaintiff's personal property, which included legal materials, law books, trial transcripts, and crime scene photos. [Id.]. Disciplinary proceedings were conducted, and Plaintiff's rights were violated in the conduct of those proceedings. [Id. at 16-18]. On April 5, 2018, the disciplinary charges were dismissed "based on a clear violation of [Plaintiff's] rights during the complete reinvestigation." [Id. at 18]. On April 19, 2018, Plaintiff was returned to general population, but his personal property was never returned to him. [Id. at 19].

Plaintiff claims that Defendants were negligent in discharging "their duties of office," violated his rights to a "Fair Disciplinary Process," and that Plaintiff's property was lost as a result. [Id. at 20 (errors uncorrected)].

Plaintiff alleges that he filed an action involving these facts with the North Carolina Industrial Commission (NCIC) on September 11, 2019. [Id. at 9; see Doc. 1-3 at 8]. In that action, Plaintiff sought compensation for the

2

personal property Lanesboro officials lost when Plaintiff was sent to segregation there. [See Doc. 1-3 at 10-11]. The Industrial Commission found that the Lanesboro officials breached their duty of reasonable care by failing to properly secure Plaintiff's personal property while the disciplinary action was pending against him and awarded Plaintiff $100.00 in damages. [Id. at 11]. The award was later modified to $200.00 on Plaintiff's motion to offer additional evidence. [Id. at 17-18, 25].

In the instant action, Plaintiff claims violation of his rights under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution, the "Civil Rights of Institutionalized Person Act § 7, 42 U.S.C.A § 1997(e)(e); § 1985(3); [and] §1988." [Id. at 3, 13]. For injuries, Plaintiff claims loss of personal property, including legal materials, several law books, trial transcripts, and crime scene photos. [Id. at 5]. Plaintiff seeks declaratory, injunctive, and monetary relief, including punitive damages. [Id. at 5, 22].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A

3

Case 3:23-cv-00628-MR Document 12 Filed 12/21/23 Page 3 of 7

the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff here claims that in early 2018 Defendants violated his right to fair disciplinary proceedings and, as a result, his personal property was lost.

Plaintiff's Complaint necessarily fails.

Pursuant to the North Carolina Tort Claims Act, N.C.G.S. § 143-291, et seq., the NCIC has exclusive jurisdiction to hear tort claims falling under the Act. Russell v. N.C. Dep't of Environment and Natural Resources, 242 S.E.2d 329, 333 (N.C. App. 2013). This Court, therefore, has no authority to entertain Plaintiff's claim regarding his lost property.

Moreover, even if Plaintiff's lost property claim did not fall within the NCIC's exclusive jurisdiction, he has an adequate post-deprivation remedy in state tort law. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (stating that intentional deprivations of property do not violate the Due Process Clause if a meaningful post-deprivation remedy for the loss is available); Wilkins v. Whitaker, 714 F.2d 4, 6 (4th Cir. 1983) ("Under North Carolina law, an action for conversion will lie against a public official who by an unauthorized act wrongfully deprives an owner of his property.").

Finally, Plaintiff's claims are necessarily barred by the applicable statutes of limitations in any event. Plaintiff alleges that the events at issue occurred in early 2018. Because there is no explicit statute of limitations for actions brought pursuant to 42 U.S.C. § 1983, courts borrow the state limitations periods for comparable conduct. See Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (citation omitted) (affirming

5

Case 3:23-cv-00628-MR   Document 12   Filed 12/21/23   Page 5 of 7

dismissal of § 1983 action on initial review for failure to file complaint within the applicable limitations period). North Carolina has a three-year statute of limitations for general, personal injury claims. N.C.G.S. § 1-52(5). As such, Plaintiff must have brought his claims within three years of the date the injury was suffered. Any claim Plaintiff may have had under § 1983, therefore, has long since expired. Plaintiff's failure to timely file the Complaint here is plainly evident. Plaintiff, therefore, has failed to state a claim as a matter of law.

Because Plaintiff has failed to state a claim for relief and because amendment would be futile, the Court will dismiss Plaintiff's Complaint with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Plaintiff's Complaint with prejudice.

### ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint [Doc. 1] is hereby **DISMISSED with prejudice** for Plaintiff's failure to state a claim for relief.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED.**

Signed: December 20, 2023

Martin Reidinger
Chief United States District Judge