UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00628-MR

| MONTAVIUS A. JOHNSON-EL, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| DAVID MITCHELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Relief from Order" pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. [Doc. 14].

Pro se Plaintiff Montavius A. Johnson-El ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Columbus Correctional Institution in Whiteville, North Carolina. He filed this action pursuant to 42 U.S.C. § 1983 on or around September 30, 2023,[1] related to events alleged to have occurred in early 2018 while he was incarcerated at Lanesboro

---

[1] In the pending motion, Plaintiff claims he mailed the Complaint on September 1, 2023. [Doc. 14 at 1]. Plaintiff, however, dated the Complaint September 22, 2023, [Doc. 1 at 11] and it appears to have been deposited for mailing on September 30, 2023 [see Doc. 1-4].

Correctional Institution[2] ("Lanesboro"). [Doc. 1; see Doc. 1-4 at 1].

Plaintiff alleged as follows. In February 2018, he was investigated by Lanesboro officials for possession of certain contraband based on "second hand [*sic*] information" received by Defendant Aaron "from a prison confidential informant." [Id. at 14]. Plaintiff was moved from general population to Restrictive Housing for Administrative Purposes (RHAP) pending an investigation. [Id. at 14-15; see id. at 18]. Defendants McPherson and Moses inventoried Plaintiff's personal property, which included legal materials, law books, trial transcripts, and crime scene photos. [Id.]. Disciplinary proceedings were conducted, and Plaintiff's rights were violated in the conduct of those proceedings. [Id. at 16-18]. On April 5, 2018, the disciplinary charges were dismissed "based on a clear violation of [Plaintiff's] rights during the complete reinvestigation." [Id. at 18]. On April 19, 2018, Plaintiff was returned to general population, but his personal property was never returned to him. [Id. at 19]. Plaintiff claimed that Defendants were negligent in discharging "their duties of office," violated his rights to a "Fair Disciplinary Process," and that Plaintiff's property was lost as a result. [Id. at 20 (errors uncorrected)].

---

[2] In 2019, Lanesboro was converted to a women's prison and was renamed Anson Correctional Institution.

Plaintiff also alleged that he filed an action involving these facts with the North Carolina Industrial Commission (NCIC) on September 11, 2019. [Id. at 9; see Doc. 1-3 at 8]. In that action, Plaintiff sought compensation for the personal property Lanesboro officials lost when Plaintiff was sent to segregation there. [See Doc. 1-3 at 10-11]. The Industrial Commission found that the Lanesboro officials breached their duty of reasonable care by failing to properly secure Plaintiff's personal property while the disciplinary action was pending against him and awarded Plaintiff $100.00 in damages. [Id. at 11]. The award was later modified to $200.00 on Plaintiff's motion to offer additional evidence. [Id. at 17-18, 25].

On December 20, 2023, on initial review pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court dismissed Plaintiff's Complaint with prejudice. [Doc. 12]. The Court concluded that, under the North Carolina Tort Claims Act, N.C.G.S. § 143-291, the NCIC has exclusive jurisdiction over Plaintiff's claim regarding his lost property; that, even if the NCIC did not have exclusive jurisdiction over Plaintiff's lost property claim, relief under § 1983 was unavailable because Plaintiff had an adequate post-deprivation remedy in state tort law; and Plaintiff's claims are barred by the applicable statutes of limitations in any event. [Id. at 5-6].

3

Case 3:23-cv-00628-MR   Document 15   Filed 02/20/24   Page 3 of 8

Plaintiff now moves for relief from the Court's Order dismissing this case under Rule 60(b) of the Federal Rules of Civil Procedure. [Doc. 14]. As grounds, Plaintiff appears to argue that (1) he discovered "new evidence" in the form of an Affidavit of William Parker,[3] a fellow inmate at Lanesboro, after he filed his Complaint in this matter and that (a) his failure to earlier discover this evidence was "excusable neglect" and (b) the limitations period should have been tolled until such discovery; (2) Defendants' actions "caused extraordinary circumstances beyond [Plaintiff's] control [that] prevented timely filing;" and, alternatively, (3) he mistakenly believed that the exhaustion of administrative remedies required under the Prison Litigation Reform Act (PRLA), 42 U.S.C. § 1997e(a),[4] "also encluded [*sic*] the North Carolina Industrial Commission disposition on September 8, 2022 as apart [*sic*] of its requirement." [Doc. 14]. Plaintiff asks the Court to review "the

---

[3] In this Affidavit, Mr. Parker swears that he was housed at Lanesboro in February 2018 and that, after the Prison Emergency Response Team (P.E.R.T.) conducted a "massive institutional search" at Lanesboro and found a cell phone inside a dirty clothes bag, Defendant Aaron asked Parker to say that the phone was Plaintiff's in exchange for Parker's release from segregation. Parker swears that he told Defendant Aaron that he did not know whose phone it was and that it "was obvious that [Defendant] Aaron had something against [the Plaintiff]." [Doc. 14 at 13-14]. Parker further swears that Captain Aaron also put him, Parker, in the "Hole" for "90 Days of Hell" while under investigation for the same phone. [Id. at 14].

[4] The PLRA requires a prisoner to exhaust his administrative remedies before filing a § 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id.

4

newly discovered evidence and allow Plaintiff to Amend his complaint to properly develop his claims." [Id. at 10].

Rule 60(b) of the Federal Rules of Civil Procedure provides that the Court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence …;
> (3) fraud …, misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged …; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

To prevail under Rule 60(b), a party must make a threshold showing of (1) timeliness, (2) meritorious claim, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances. Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993). "After a party has crossed this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b)." Id. (citing id.). "[W]here a motion is for reconsideration of legal issues already addressed in an earlier ruling, the motion is not authorized by Rule 60(b)." CNF Contractors, Inc. v. Donohoe Const. Co., 57 F.3d 395, 401 (4th Cir. 1995).

When a party claims relief based on newly discovered evidence under Rule 60(b)(2), he must show that "(1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended." Boryan v. United States, 884 F.2d 767, 771 (4th Cir. 1989). This provision "is aimed at correcting an erroneous judgment stemming from the unobtainability of evidence." Schultz v. Butcher, 24 F.3d 626, 631 (4th Cir. 1994) (citation omitted).

Plaintiff is not entitled to relief under Rule 60. Even if Plaintiff could show a meritorious claim not barred by the limitations period, he has not shown "exceptional circumstances" and he has not met the five requirements of Rule 60(b)(2). Plaintiff claims that he "came to know" of the Affidavit evidence on September 15, 2023. Contrary to Plaintiff's assertion otherwise, he filed the Complaint on or about September 30, 2023 and, therefore, knew of the Affidavit before the Complaint was filed, let alone before the Judgment was entered. While Plaintiff makes vague claims of "due diligence" in discovering the evidence, he does not state how he came to learn of it or

how it came about.[5]  Moreover, the evidence presented in the Affidavit is not such that would require the Court's Order dismissing the case to be amended.  While it may have generally tended to support that Plaintiff's rights were violated relative to the disciplinary process or his conditions of confinement, it would not have saved Plaintiff's claim from dismissal based on statute of limitations grounds.  Plaintiff, therefore, is not entitled to relief under Rule 60(b)(2).

Plaintiff also argues that he is entitled to relief under Rule 60(b)(6) because "extraordinary circumstances beyond his control prevented timely filing."  [Doc. 14 at 8].  In this regard, Plaintiff argues that the Court should reconsider its prior decision "because he discovered new evidence establishing a genuine issue of material facts as to whether the defendants knew or should have known of Plaintiffs rights and whether the conduct is shown to be motivated by evil motive or intent…."  [Id.].  While the Affidavit tends to show that Defendant Aaron targeted Plaintiff as responsible for the contraband cell phone, nothing therein shows any extraordinary circumstance preventing Plaintiff from filing this action within the limitations period or an "exceptional circumstance" warranting relief under Rule

---

[5] Ostensibly, Plaintiff and Mr. Parker are now housed together at Columbus Correctional Institution and Plaintiff asked him to prepare the Affidavit.  [See Doc. 14 at 14].

60(b)(6).

Finally, Plaintiff asserts that he mistakenly believed that to satisfy the exhaustion requirements of the PLRA he had to wait until the disposition of his action before the NCIC before filing the Complaint in this matter. Ignorance of the law is no excuse for Plaintiff's failure to file his Complaint within the limitations period. See Ott v. Maryland Dep't of Public Safety and Correctional Services, 909 F.3d 655, 661 (4th Cir. 2018) ("Ignorance of the law does not justify tolling, even when a party does not have legal representation."). Moreover, Plaintiff does not allege that the NCIC action involved any due process claim related to the disciplinary proceedings in any event.

For the foregoing reasons, the Court will deny Plaintiff's motion.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Vacate [Doc. 14] is **DENIED**.

**IT IS SO ORDERED**.

Signed: February 16, 2024

Martin Reidinger
Chief United States District Judge